IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PERDUE PROPERTIES, LLC, ET AL.                                    PLAINTIFFS

VS.                                   CIVIL ACTION NO. 5:15-cv-47(DCB)(MTP)

UNITED STATES OF AMERICA, ET AL.                                  DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Wayne Smith ("Smith")'s motion to dismiss **(docket entry 7)**. Having carefully considered the motion and the plaintiffs' response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

As Smith has moved for relief under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, the plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

According to the plaintiffs' complaint, they hired defendant Smith in May of 2012 to prepare preliminary certificates of title certifying that 17, LLC (also a defendant in this action) owned fee simple absolute title to certain real property, in anticipation of the sale of the property from 17, LLC to the plaintiffs. Complaint, ¶¶ 18-23. At the closing in June of 2012, plaintiffs asked Attorney Smith whether they needed to obtain title insurance, to which he replied no, asserting that they were adequately protected by the warranty deeds from 17, LLC. Id. On or about

July 10, 2012, Smith issued final certificates of title to the plaintiffs certifying their respective ownership of the property in fee simple absolute. Id. On September 4, 2012, the National Park Service put the plaintiffs on notice that it was investigating whether the United States was the actual owner of the Real Property. Id. at ¶ 28. On or about February 20, 2015, the National Park Service confirmed its position that the United States is the owner of the property. Id. at ¶ 24; Plaintiffs' Exhibit 7. The United States further claims that the real property lies in Franklin County, Mississippi, not in Amite County as Smith had certified. United States' Counterclaim (docket entry 6, p. 6).

The plaintiffs have filed a quiet title action against the United States, and the United States has filed a counter-claim seeking to be named fee simple owner of the property. Complaint, ¶¶ 25-31; United States' Counterclaim (docket entry 6, p. 7). The plaintiffs have pled, in the alternative, that if the United States is declared fee simple owner of the property, they bring claims against Smith for professional negligence and negligent misrepresentation.

The Court finds that the plaintiffs' Complaint contains well-pleaded factual allegations, which the Court assumes are true for purposes of defendant Smith's motion to dismiss; and the Court further finds that the allegations plausibly give rise to an entitlement to relief in the event the United States is declared

3

fee simple owner of the property.  Movant Smith has failed to meet his burden under Fed.R.Civ.P. 12(b)(6), and his motion shall therefore be denied.

Accordingly,

IT IS HEREBY ORDERED that defendant Wayne Smith's motion to dismiss **(docket entry 7)** is DENIED.

SO ORDERED, this the 23rd day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE