IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PERDUE PROPERTIES, LLC, ET AL.                                PLAINTIFFS

VS.                              CIVIL ACTION NO. 5:15-cv-47(DCB)(MTP)

UNITED STATES OF AMERICA, ET AL.                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendants Scott Lindsey ("Lindsey")'s and John Andrew Griffin ("Griffin")'s motion to dismiss **(docket entry 9)**, to which joinder has been filed by defendant Gibson Real Estate, Inc., d/b/a Gibson Realty & Land Company ("Gibson") (docket entry 11); and on the plaintiffs' motion **(docket entry 37)** to strike exhibit "B" to defendants' rebuttal (docket entry 35).  Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

As Lindsey, Griffin and Gibson have moved for relief under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, the plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

According to the plaintiffs' Complaint, defendants Lindsey and Griffin formed 17, LLC, which marketed for sale, through defendant Gibson, certain real property. Complaint, ¶¶ 9, 17. The plaintiffs agreed to purchase the property for $320,000. Id., ¶

21. The transaction was closed on or about June 21, 2012. Id. On September 4, 2012, the National Park Service put the plaintiffs on notice that it was investigating whether the United States was the actual owner of the property. Id. at ¶ 28. Sometime around the same time period, Lindsey and Griffin allowed 17, LLC to become administratively dissolved, and directly and indirectly distributed all the money held by 17, LLC to themselves, rendering 17, LLC insolvent. Id. at ¶¶ 9, 42. The plaintiffs contend that after being sued individually, Lindsey and Griffin filed for reinstatement of 17, LLC, and now seek to stand behind its personal liability shield to protect the economic benefits they received by rendering it insolvent. Plaintiffs' Response to Motion to Dismiss, p. 2 (citing Lindsey and Griffin's Memorandum in Support of their Motion to Dismiss, p. 3, n.2).

The plaintiffs have filed a quiet title action against the United States, and the United States has filed a counter-claim seeking to be named fee simple owner of the property. Complaint, ¶¶ 25-31; United States' Counterclaim (docket entry 6, p. 7). The plaintiffs also plead that on or about June 21, 2012, they paid the sum of $320,000 to 17, LLC., and received in return warranty deeds from 17, LLC. Id., ¶¶ 17, 21. Under Mississippi law, 17, LLC's conveyance included the covenants of "seizing, power to sell, freedom from encumbrances, quiet enjoyment and warranty of title." Miss. Code Ann. § 89-1-33.

The plaintiffs have sued 17, LLC, Lindsey and Griffin to defend their title, and have sued Lindsey and Griffin on grounds of unjust enrichment. Complaint, ¶ 32. Alternatively, in the event the United States is named owner of the property, the plaintiffs have sued Lindsey and Griffin for unjust enrichment, and for 17, LLC's breach of warranty deed covenants and breach of contract. Id., ¶¶ 41-43. The plaintiffs have also sued Lindsey and Gibson for negligent misrepresentation, and Lindsey for breach of fiduciary duty. Id., ¶¶ 44-45.

The plaintiffs have pled that Lindsey and Griffin drained the assets of 17, LLC, leaving the plaintiffs without recourse against 17, LLC. On this basis, the plaintiffs seek to hold Lindsey and Griffin liable for 17, LLC's breaches, under the theory that Lindsey and Griffin personally took the consideration the plaintiffs paid 17, LLC for the promises made by 17, LLC. Thus, the plaintiffs claim that limited liability does not apply. The plaintiffs also bring claims against Lindsey and Griffin under the Mississippi Limited Liability Company Act, Miss. Code Ann. §§ 79-29-101, et seq.

The plaintiffs sue defendants Lindsey and Gibson for negligent misrepresentation, which consists of (1) a misrepresentation of a fact; (2) that the representation is material; (3) that the person charged with negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons; (4)

4

that plaintiffs reasonably relied upon the misrepresentation; and (5) that plaintiffs suffered damages as a direct and proximate result of such reliance. <u>Bank of Shaw v. Posey</u>, 573 So.2d 1355, 1360 (Miss. 1990). Lindsey and Gibson claim that the plaintiffs' allegations fail because the alleged representations are related to future conduct. However, the plaintiffs allege that they were promised "good title," <u>i.e.</u>, that Lindsey represented to the plaintiffs that 17, LLC owned fee simple title to the property. Lindsey and Gibson also argue that the plaintiffs have not alleged that Lindsey knew or had reason to know that his statements were false. The relevant element of negligent misrepresentation is "(3) that the person charged with negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons." <u>Id</u>. The plaintiffs allege that Lindsey, as a real estate agent, had a duty to his clients to recognize and investigate potential ownership issues, especially when the property abuts a river or other changing waterway. Plaintiffs' Response, p. 8.

Finally, the plaintiffs state a claim for breach of fiduciary duty against Lindsey. The Complaint alleges that Lindsey was manager of 17, LLC and served as real estate agent for both 17, LLC and the plaintiffs. The plaintiffs also plead that they are now defending their title to the property they purchased from Lindsey and 17, LLC, against claims of the United States, and asserting a

breach of fiduciary duty against Lindsey.

The Court finds that the plaintiffs' Complaint contains well-pleaded factual allegations, which the Court assumes are true for purposes of Lindsey, Griffin and Gibson's motion to dismiss; and the Court further finds that the allegations plausibly give rise to an entitlement to relief in the event the United States is declared fee simple owner of the property. The defendants have failed to meet their burden under Fed.R.Civ.P. 12(b)(6), and their motion shall therefore be denied.

The plaintiffs have also filed a motion to strike exhibit "B" to defendants' rebuttal, which is a survey of Section 16, T4N, R1E, Amite County, Mississippi. The survey is not properly part of the Rule 12(b)(6) record, and the Court chooses not to convert the defendants' motion to one for summary judgment. The plaintiffs' motion to strike shall therefore be granted, and the defendants will be allowed to present the exhibit at the summary judgment stage of this case.

Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss **(docket entry 9)** by defendants Scott Lindsey and John Andrew Griffin, joined in by Gibson Real Estate, Inc., is DENIED;

FURTHER ORDERED that the plaintiffs' motion **(docket entry 37)** to strike exhibit "B" to defendants' rebuttal is GRANTED, inasmuch as the survey is not properly part of the Rule 12(b)(6) record, and

the defendants will be allowed to present the exhibit at the summary judgment stage of this case.

SO ORDERED, this the 23rd day of October, 2015.

/s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE