IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


PERDUE PROPERTIES, LLC, ET AL.                          PLAINTIFFS

VS.                          CIVIL ACTION NO. 5:15-cv-47(DCB)(MTP)

UNITED STATES OF AMERICA, ET AL.                        DEFENDANTS

AND

17, LLC                                       THIRD-PARTY PLAINTIFF

VS.

MISSISSIPPI VALLEY TITLE INSURANCE
COMPANY AND OLD REPUBLIC NATIONAL
TITLE INSURANCE COMPANY                   THIRD-PARTY DEFENDANTS


ORDER COMPELLING ARBITRATION
AND DISMISSING THIRD-PARTY COMPLAINT

        This cause is before the Court on third-party defendants
Mississippi Valley Title Insurance Company ("MVT") and Old Republic
National Title Insurance Company ("Old Republic")'s Motion to
Compel Arbitration and Dismiss Third-Party Complaint **(docket entry
52)**.  Having carefully considered the motion, to which no response
has been filed by third-party plaintiff, 17, LLC, the Court finds
as follows:

        On or about May 30, 2008, 17, LLC, executed a Contract for the
Sale and Purchase of Real Estate Lots and Lands (the "Contract")
agreeing to purchase land from LandMax, Inc. ("LandMax").

        The property described in the Contract is approximately 122
acres in Township 4 North, Range 1 East, Section 16 of Amite
County, Mississippi "bounded on the North by Homochitto River and

the South by Nebo Road."

On or about June 6, 2008, LandMax conveyed to 17, LLC, by Warranty Deed, the property which is the subject of the Contract, which the Warranty Deed describes as "that part of Irregular Section 16 lying North of Nebo County Road" in Township 4 North, Range 1 East in Amite County, Mississippi (the "Subject Property").

On or about June 11, 2008, the law firm of Morrow & Elliott, PLLC ("Morrow & Elliott"), as title insurance agent for MVT and Old Republic, issued to 17, LLC, an Owner's Policy of Title Insurance bearing Policy Number OP11151 (the "Policy"), insuring title to the Subject Property as provided for in the Policy, up to the Amount of Insurance, being $362,484.62.

On August 15, 2008, Morrow & Elliott sent the Policy to Scott Lindsey ("Lindsey"), a member and manager of 17, LLC.

After the closing on the purchase and conveyance of the Subject Property, 17, LLC, had the Subject Property surveyed, and the survey indicated that the Subject Property contained 258 acres, not 122 acres.

On or about June 21, 2012, 17, LLC sold and conveyed by Warranty Deed certain parcels of the 258 acres to several individuals and entities. Soon thereafter, the United States of America ("U.S.A.") put those purchasers, i.e. Perdue Properties, LLC, Badeaux Holdings, LLC, Diamond P. Enterprises, Inc., Rhett Steven Guerin, and Point Nebo, LLC (collectively referred to as the

2

"Perdue Parties"), on notice that the land they purchased from 17, LLC, was owned by the U.S.A. and not 17, LLC (such land is hereinafter referred to as the "Disputed Property").

The Perdue Parties have sued the U.S.A., 17, LLC, and others, to quiet and confirm title to the Disputed Property and/or for damages including damages in connection with any breach of the covenant warranty found in the Warranty Deeds from 17, LLC, to the Perdue Parties.

On November 17, 2015, 17, LLC filed a Third-Party Complaint in this case against MVT and Old Republic claiming that the Policy covers claims concerning title to the Disputed Property and claiming that MVT and Old Republic are required to defend and indemnify 17, LLC, against all claims made against 17, LLC, in this case.

The Policy contains an "Arbitration Agreement" which allows either party to the Policy to demand arbitration in connection with any controversy or claim arising out of relating to the Policy, any claim of alleged breach of the Policy, or any claim related to the transaction giving rise to the Policy.

Once arbitration is demanded, if the amount of insurance at issue is less than $2,000,000.00, the Arbitration Agreement requires or mandates that the parties shall submit to arbitration. The Arbitration Agreement provides as follows:

14. ARBITRATION

Either the Company [the MVT Parties] or the Insured [17, LLC] may demand that the claim or controversy shall be submitted to arbitration pursuant to the Title Insurance Arbitration Rules of the American Land Title Association ("Rules").  Except as provided in the Rules, there shall be no joinder or consolidation with claims or controversies of other persons.  Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the Insured arising out of or relating to this policy, any service in connection with its issuance or the breach of a policy provision, or to any other controversy or claim arising out of the transaction giving rise to this policy.  All arbitrable matters when the Amount of Insurance is $2,000,000 or less shall be arbitrated at the option of either the Company or the Insured.  All arbitrable matters when the Amount of Insurance is in excess of $2,000,000 shall be arbitrated only when agreed to by both the Company and the Insured.  Arbitration pursuant to this policy and under the Rules shall be binding upon the parties.  Judgment upon the award rendered by the Arbitrator(s) may be entered in any court of competent jurisdiction.

The Federal Arbitration Act ["FAA"], 9 U.S.C. §§1-14, applies to and controls arbitration agreements related to transactions that "involve" interstate commerce.  In this case, the relevant transaction involves interstate commerce and therefore the FAA applies.

The United States Supreme Court and United States Court of Appeals for the Fifth Circuit have instructed the District Courts to find in favor of arbitration if there are any doubts concerning any issues of whether or not a claim is arbitrable.  Mississippi law is consistent with the federal standard.

Applying the FAA requires a two step inquiry regarding motions to compel arbitration.  The first step requires the Court to

4

determine whether the parties agreed to arbitrate, i.e. (1) there must be a valid contract and (2) the claims must be within the scope of the arbitration agreement.  The second step requires inquiry into whether there were any external constraints when the parties entered into the arbitration agreement.

17, LLC, has been in possession of the Policy for several years.  It has not attempted to rescind the Policy, nor has it objected to any of its terms.  17, LLC, filed its Third-Party Complaint attempting to enforce the Policy.  Therefore, pursuant to Mississippi law, 17, LLC, has taken an unequivocal course of conduct disclosing that it has assented to the Policy as binding upon it, making the Policy and Arbitration Agreement contained therein a valid contract.

All of the claims, theories of recovery, and alleged damages are claims and controversies directly related to and contingent on the existence of the Policy, and fall squarely within the scope of the Arbitration Agreement; therefore, all of the claims are arbitrable.  Once either party to the Policy demands arbitration relating to an arbitrable matter, arbitration is mandatory.  The Court finds that there are no circumstances outside of the Policy that would prevent this dispute from being arbitrated.

ACCORDINGLY,

IT IS HEREBY ORDERED that third-party defendants Mississippi Valley Title Insurance Company and Old Republic National Title

Insurance Company's Motion to Compel Arbitration and Dismiss Third Party Complaint **(docket entry 52)** is GRANTED;

FURTHER ORDERED that the parties are compelled to arbitrate their claims and defenses in accordance with the terms of the applicable Arbitration Agreement;

FURTHER ORDERED that the Third-Party Complaint in this action is dismissed without prejudice;

FURTHER ORDERED, inasmuch as all claims and defenses of the parties in the Third-Party Complaint in this action have been ordered to arbitration by the Court, and all claims have been dismissed without prejudice by this Order Compelling Arbitration, the Court shall issue a Final Judgment herein dismissing the Third-Party action without prejudice.

SO ORDERED, this the 16th day of May, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE

6